UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CANDACE JACKSON,

              Plaintiff,

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
CHRISTOPHER ALVARADO, Shield#13379,
75th Precinct,
NEW YORK CITY POLICE OFFICER
JAY RIVERA, Shield #3002,
75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 75th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE # ONE, 75th Precinct,

              Defendant(s).
-------------------------------------------------------X




CV 14 7503

COMPLAINT & JURY DEMAND

BLOCK, J.
LEVY, M.J.

2014 DEC 24 PM 12: 41
FILED CLERK

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, CANDACE JACKSON, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, CANDACE JACKSON is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICERS CHRISTOPHER ALVARADO, Shield Number 13379, NEW YORK CITY POLICE OFFICER JAY RIVERA, Shield Number 3002, NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE, upon information and belief all of the 75th Precinct, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICERS

CHRISTOPHER ALVAREZ, JAY RIVERA, JOHN DOE and JOHN DOE NUMBER ONE are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICERS CHRISTOPHER ALVARADO, JAY RIVERA and Defendants NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE OFFICER CHRISTOPHER ALVARADO, NEW YORK CITY POLICE OFFICER JAY RIVERA, NEW YORK CITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is

nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant Officers.

## STATEMENT OF FACTS

11. On May 8, 2013 at approximately 9:00 p.m., Plaintiff and a friend, both of whom are African-American, had just finished eating at a local Burger King off the Belt Parkway in Kings County and were driving to another location when the Plaintiff came to a stop at a Stop sign in the vicinity of Forbell Street and Blake Avenue. While stopped at the stop sign, the Plaintiff observed a NEW YORK CITY POLICE DEPARTMENT patrol car pull up behind her. The Plaintiff proceeded to make a right hand turn and observed the police car behind her put on its lights and order Plaintiff to pull over. Defendant NEW YORK CITY POLICE OFFICER CHRISTOPHER ALVARADO approached the Plaintiff on the driver's side and Defendant NEW YORK CITY POLICE OFFICER JAY RIVERA approached Plaintiff's vehicle on the passenger side. Defendant NEW YORK CITY POLICE OFFICER ALVARADO immediately ordered the Plaintiff to turn off her vehicle and step out of the car, while Defendant NEW YORK CITY POLICE OFFICER JAY RIVERA went to the passenger side ordered the Plaintiff's passenger to also exit the vehicle. Plaintiff complied with Defendant Officer ALVARADO'S order and asked Defendant NEW YORK CITY POLICE OFFICER ALVARADO why she was being pulled over, whereupon Defendant NEW YORK CITY POLICE OFFICER ALVARADO informed the Plaintiff that her right side tail light was out. The Plaintiff then told Defendant NEW YORK CITY POLICE OFFICER ALVARADO that he was incorrect, whereupon Defendant Officer ALVARADO and Defendant Officer RIVERA cursed at the

Plaintiff and told her "shut up". Defendant NEW YORK CITY POLICE OFFICER CHRISTOPHER ALVARADO and Defendant NEW YORK CITY POLICE OFFICER JAY RIVERA then proceeded to search the Plaintiff's vehicle without her consent. While the aforementioned Defendant Officers searched the Plaintiff's car, three other members of THE NEW YORK CITY POLICE DEPARTMENT, hereinafter identified as Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE, along with a third member of THE NEW YORK CITY POLICE DEPARTMENT, arrived at the scene. Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE joined named Defendant Officers in searching the Plaintiff's automobile for approximately twenty minutes. Defendant Officer JAY RIVERA searched the Plaintiff's passenger and placed the passenger in handcuffs and then proceeded to place Plaintiff in handcuffs. A few minutes after being placed in handcuffs, Plaintiff heard Defendant OFFICER ALVARADO state in sum and substance "here it goes", to which Plaintiff responded in sum and substance "what is that?", to which Defendant OFFICER ALVARADO stated in sum and substance "it's marijuana". Plaintiff was then placed in handcuffs and transported to the 75th Precinct by the named Defendant Officer ALVARADO. At the precinct the Plaintiff was searched again, fingerprinted and photographed by members of THE NEW YORK CITY POLICE DEPARTMENT. After approximately nine hours in custody the Plaintiff was released with a Desk Appearance Ticket (DAT) ordering her to appear in Court on June 18, 2013. On the day after Plaintiff's arrest she reported to work, however her shifts for May 10, 11th and 12th were cancelled as a result of Plaintiff's arrest by the named Defendant Officers and Plaintiff was forced to resign from her employment on May 15, 2013. The Plaintiff appeared in Court on the return date as instructed however, the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE,

declined to prosecute the Plaintiff for the alleged crime for which she was arrested by the named Defendant New York City Police Officers.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest.**

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER CHRISTOPHER ALVARADO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER CHRISTOPHER ALVARADO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JAY RIVERA acting under color of State Law violated Section 42 U.S.C. 1983 by

unlawfully handcuffing the Plaintiff and placing her under arrest, without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER JAY RIVERA occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of the rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of NEW YORKCITY POLICE OFFICER JOHN DOE and JOHN DOE NUMBER ONE acting under color of State law, violated Section 42 U.S.C. 1983 by unlawfully searching the Plaintiff's personal effects without lawful cause or reason.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE and JOHN DOE NUMBER ONE occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICERS CHRISTOPHER ALVARADO, Shield Number 13379 and JAY RIVERA, Shield Number 3002.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 23, 2014
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com